# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>VACANT REAL PROPERTY<br>132 Peacock Hill Road, New Gloucester, ME 04260 |
| **Bonnie B. Porter, and**<br>**Boston Trust Walden Company f/k/a Sun Savings and Loan Association** | Mortgage:<br>November 7, 2007<br>Book 25686, Page 31 |
| **Defendants** | |
| **Top Fuels f/k/a PitStop Fuels, and Harpster Receivables Management Corporation** | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Bonnie B. Porter, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in which the Defendant, Bonnie B. Porter, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a corporation with its principal place of business located at c/o Caliber Home Loans, Inc., 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Bonnie B. Porter, is a resident of Poland, County of Androscoggin and State of Maine.

6. The Defendant, Boston Trust Walden Company f/k/a Sun Savings and Loan Association is located at One Beacon Street, 33rd Floor, Boston, MA 02108.

7. The Party-in-Interest, Harpster Receivables Management Corporation, is located at c/o Marshall J. Tinkle, 15 Monument Square, 4th Floor, Portland, ME 04101.

8. The Party-in-Interest, Top Fuels f/k/a PitStop Fuels, is located at c/o John W. Sawyer, 157 Main Street, Gorham, ME 04038.

## FACTS

9. On July 13, 1984, by virtue of a Warranty Deed from Edward C. Bush and Barbara E. Bush, which is recorded in the Cumberland County Registry of Deeds in **Book 6506, Page 145**, the property situated at 132 Peacock Hill Road, New Gloucester, County of Cumberland, and State of Maine, was conveyed to Ronald L. Porter and Bonnie B. Porter, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. Boston Trust Walden Company f/k/a Sun Savings and Loan Association is a Defendant pursuant to a Mortgage in favor of Sun Savings and Loan Association, that was executed by Ronald L. Porter and Bonnie B. Porter, dated July 1, 1985, in the amount of $6,600.00, and recorded in the Cumberland County Registry of Deeds in Book 6811, Page 334, which upon information and belief has been paid in full and should have been discharged.

11. On November 7, 2007, Ronald L. Porter and Bonnie B. Porter, executed and delivered to EverHome Mortgage Company a certain Note under seal in the amount of $115,200.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on November 7, 2007, Ronald L. Porter and Bonnie B. Porter executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for EverHome Mortgage Company, securing the property located at 132 Peacock Hill Road, New Gloucester, ME 04260 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25686**, **Page 31**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage, dated May 23, 2012, and recorded in the Cumberland County

Registry of Deeds in **Book 29643**, **Page 223**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage, dated May 10, 2013, and recorded in the Cumberland County Registry of Deeds in **Book 30753**, **Page 264**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On February 15, 2014, the Defendants, Ronald L. Porter and Bonnie B. Porter, executed a Loan Modification Agreement, which modified the principal amount of the Note to $112,166.77 (herein after referred to as the "Loan Modification").  *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated February 15, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 32917**, **Page 308**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated June 27, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33238**, **Page 79**.  *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated June 27, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33238**, **Page 80**.  *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by virtue of an Assignment of Mortgage dated January 28,

      2020 and recorded in the Cumberland County Registry of Deeds in **Book 36377**, **Page 61**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. Upon information and belief, Ronald L. Porter passed away on or about September 4, 2008.

21. On February 28, 2020, the Defendant, Bonnie B. Porter, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

22. The Demand Letter informed the Defendant, Bonnie B. Porter, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

23. The Defendant, Bonnie B. Porter, failed to cure the default prior to the expiration of the Demand Letter.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

27. Harpster Receivables Management Corporation is a Party-in-Interest pursuant to a Writ of Execution in the amount of $8,258.07, dated November 30, 2010, and recorded in the

28. Cumberland County Registry of Deeds in **Book 28431**, **Page 166,** as affected by Writ of Execution Renewal, dated May 2, 2014, in said Registry of Deeds at Book 31512, Page 294, and is in second position behind Plaintiff's Mortgage.

28. Top Fuels f/k/a PitStop Fuels is a Party-in-Interest pursuant to a Lien Certificate – Notice of Lien Claim, in the amount of $1,335.16, dated March 30, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 33054**, **Page 218** and is in third position behind Plaintiff's Mortgage.

29. The total debt owed under the Note and Mortgage as of April 21, 2020 is One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $111,016.01 |
| Interest | $35,395.67 |
| Escrow/Impound Required | $17,284.21 |
| Total Advances | $9,229.00 |
| Deferred Amounts | $121.82 |
| Late Charges Due | $3,106.24 |
| Grand Total | $176,152.95 |

30. Upon information and belief, based upon information provided by the client, the subject premises is vacant.

## COUNT I – FORECLOSURE AND SALE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 132 Peacock Hill Road, New Gloucester, County of Cumberland, and State of Maine. *See* Exhibit A.

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, has the right to foreclosure and sale upon the subject property.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the current owner and investor of the aforesaid Mortgage and Note.

35. The Defendant, Bonnie B. Porter, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

36. The total debt owed under the Note and Mortgage as of April 21, 2020 is One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $111,016.01 |
| Interest | $35,395.67 |
| Escrow/Impound Required | $17,284.21 |
| Total Advances | $9,229.00 |
| Deferred Amounts | $121.82 |
| Late Charges Due | $3,106.24 |
| Grand Total | $176,152.95 |

37. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

38. By virtue of the Defendant, Bonnie B. Porter's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

39. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Bonnie B. Porter, on February 28, 2020, evidenced by the Certificate of Mailing. *See* Exhibit K.

40. The Defendant, Bonnie B. Porter, is not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

42. On November 7, 2007, Ronald L. Porter and Bonnie B. Porter, executed under seal and delivered to EverHome Mortgage Company a certain Note in the amount of $115,200.00. *See* Exhibit B.

43. The Defendant, Bonnie B. Porter, is in default for failure to properly tender the November 1, 2015 payment and all subsequent payments. *See* Exhibit K.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Ronald L. Porter and Bonnie B. Porter.

45. The Defendant, Bonnie B. Porter, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

46. The Defendant Bonnie B. Porter's breach is knowing, willful, and continuing.

47. The Defendant Bonnie B. Porter's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of April 21, 2020, if no payments are made, is One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, which includes:

    | Description | Amount |
    | --- | --- |
    | Principal Balance | $111,016.01 |
    | Interest | $35,395.67 |
    | Escrow/Impound Required | $17,284.21 |
    | Total Advances | $9,229.00 |
    | Deferred Amounts | $121.82 |
    | Late Charges Due | $3,106.24 |
    | Grand Total | $176,152.95 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. By executing, under seal, and delivering the Note, Ronald L. Porter and Bonnie B. Porter, entered into a written contract with EverHome Mortgage Company who agreed to loan the amount of $115,200.00 to the Defendants. *See* Exhibit B.

52. As part of this contract and transaction, Ronald L. Porter and Bonnie B. Porter, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note and successor-in-interest to EverHome Mortgage Company, and has performed its obligations under the Note and Mortgage.

54. The Defendant, Bonnie B. Porter, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2015 payment and all subsequent payments. *See* Exhibit K.

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Bonnie B. Porter.

56. The Defendant, Bonnie B. Porter, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

57. The Defendant, Bonnie B. Porter, is indebted to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II in the sum of One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to the Defendants.

58. Defendant Bonnie B. Porter's breach is knowing, willful, and continuing.

59. Defendant Bonnie B. Porter's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

60. The total debt owed under the Note and Mortgage as of April 21, 2020, if no payments are made, is One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, which includes:

| Description | Amount |
| --- | --- |

| | |
|---|---:|
| Principal Balance | $111,016.01 |
| Interest | $35,395.67 |
| Escrow/Impound Required | $17,284.21 |
| Total Advances | $9,229.00 |
| Deferred Amounts | $121.82 |
| Late Charges Due | $3,106.24 |
| Grand Total | $176,152.95 |

61. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through __ as if fully set forth herein.

63. EverHome Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned Ronald L. Porter and Bonnie B. Porter, $115,200.00.  *See* Exhibit B.

64. The Defendant, Bonnie B. Porter, is in default for failure to properly tender the November 1, 2015 payment and all subsequent payments.  *See* Exhibit K.

65. As a result of the Defendant, Bonnie B. Porter's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through __ as if fully set forth herein.

68. EverHome Mortgage Company, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned Ronald L. Porter and Bonnie B. Porter, $115,200.00. *See* Exhibit B.

69. The Defendant, Bonnie B. Porter, has failed to repay the loan obligation.

70. As a result, The Defendant, Bonnie B. Porter, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II as successor-in-interest to EverHome Mortgage Company by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, upon the expiration of the period of redemption;

c) Find that the Defendant, Bonnie B. Porter, is in breach of the Note by failing to make payment due as of November 1, 2015, and all subsequent payments;

d) Find that the Defendant, Bonnie B. Porter, is in breach of the Mortgage by failing to make payment due as of November 1, 2015, and all subsequent payments;

e)  Find that Ronald L. Porter and Bonnie B. Porter, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, Bonnie B. Porter, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2015 and all subsequent payments;

g)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, Bonnie B. Porter has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to restitution;

j)  Find that the Defendant, Bonnie B. Porter, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, for money had and received;

k)  Find that the Defendant, Bonnie B. Porter, is liable to the Plaintiff for *quantum meruit*;

l)  Find that the Defendant, Bonnie B. Porter, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Bonnie B. Porter, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to restitution for this benefit from the Defendant, Bonnie B. Porter;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Bonnie B. Porter, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in the amount of One Hundred Seventy-Six Thousand One Hundred Fifty-Two and 95/100 ($176,152.95) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Order a discharge of a mortgage, which upon information and belief should have been previously discharged, in favor of Sun Savings and Loan Association (n/k/a Boston Trust Walden Company), in the amount of $6,600.00, and recorded in the Cumberland County Registry of Deeds in Book 6811, Page 334; and

r) For such other and further relief as this Honorable Court deems just and equitable.

          Respectfully Submitted,
          U.S. Bank Trust, N.A., as Trustee for LSRMF
          MH Master Participation Trust II,
          By its attorneys,

Dated: April 28, 2020

          /s/ John A. Doonan, Esq.
          /s/ Reneau J. Longoria, Esq.
          John A. Doonan, Esq., Bar No. 3250
          Reneau J. Longoria, Esq., Bar No. 5746
          Attorneys for Plaintiff
          Doonan, Graves & Longoria, LLC
          100 Cummings Center, Suite 225D
          Beverly, MA 01915
          (978) 921-2670
          JAD@dgandl.com
          RJL@dgandl.com