After Recording Return To:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

This Document Prepared By:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067
Tatiana Vakidis

_____ [Space Above This Line For Recording Data] _____
Loan No:

Original Loan Amount: **$115,200.00**
New Money: **$5,014.00**

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   day of , between **RONALD PORTER and BONNIE PORTER** ("Borrower") and **NATIONSTAR MORTGAGE LLC, whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated February 15, 2014 and recorded in Gray_____, of the Official Records (Name of Records) of Cumberland County, ME (County and State, or other Jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**132 PEACOCK HILL RD, NEW GLOUCESTER, ME 04260**,
(Property Address)
the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as




LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 06/12)
8300a 01/14                                                                  (page 1 of 6)

EXHIBIT F

follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **April 1, 2014**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$112,166.77**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.000%**, from **April 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. **$697.04**, beginning on the **1st** day of **May, 2014**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **7.000%** will remain in effect until principal and interest are paid in full. If on **April 1, 2054** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

    (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such

terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share certain Borrower public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Borrower's account balances and activity, with an authorized third party which may include, but is not limited to, a counseling agency, state or local Housing Finance Agency or similar entity that is assisting Borrower in connection with obtaining a foreclosure prevention alternative, including the trial period plan to modify Borrower's loan ("Authorized Third Party").

   Borrower understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Borrower's loan), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the trial period plan to modify Borrower's loan, to any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument  
8300a 01/14

Form 3179 1/01 (rev. 06/12)  
(page 3 of 6)

Property on which Borrower is obligated, or to any companies that perform support services to them in connection with the loan or any other mortgage loan secured by the Property on which Borrower is obligated.

Borrower consents to being contacted by Fannie Mae, Lender or Authorized Third Party concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Authorized Third Party.

[ ] By checking this box, Borrower also consents to being contacted by text messaging

6. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

7. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in County, ME, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $107,152.77. The principal balance secured by the existing security instrument as a result of this Agreement is $112,166.77, which amount represents the excess of the unpaid principal balance of this original obligation.




In Witness Whereof, the Lender and I have executed this Agreement.

_Ronald Porter_ _____ (Seal)
**RONALD PORTER** -Borrower

_Bonnie Porter_ _____ (Seal)
**BONNIE PORTER** -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of Maine

County of Cumberland

The foregoing Instrument was acknowledged before me on 15 February 2014

by Amy Roma _____

_____.

_Amy Roma_
(Signature of person taking acknowledgment)

Notary Public
(Title or rank)

My commission expires: _____
AMY ROMA
Notary Public, Maine
My Commission Expires August 11, 2017




LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument  Form 3179 1/01 (rev. 06/12)
8300a 01/14  (page 5 of 6)

**NATIONSTAR MORTGAGE LLC**

By: _K Moore_ _____ (Seal) - Lender
Name: _Krista Moore_
Title: _Assistant Secretary_

_2-25-14_
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _Texas_

County of _Dallas_

The foregoing instrument was acknowledged before me on _2/25/14_
by _Krista Moore_, the _Assistant Secretary_ of
Nationstar Mortgage LLC

_[signature]_
(Signature of person taking acknowledgment)

_____  ~~Notary Public~~
(Title or rank)

My commission expires: _3/2/16_

[Notary Seal: BIANCA HOCKENSMITH, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 03-02-2016]




LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument
8300a 01/14

Form 3179 1/01 (rev. 06/12)
*(page 6 of 6)*